NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 25 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRENDA CONGDON, | No. 17-35765 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01629-RSL |
| v. | |
| WELLS FARGO BANK NATIONAL ASSOCIATION, FKA World Savings Bank, FSB, its successors and/or assigns, successor by merger with Wachovia Mortgage, FSB, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted June 12, 2018[**]

Before:     RAWLINSON, CLIFTON and NGUYEN, Circuit Judges.

Brenda Congdon appeals pro se from the district court's judgment in her action alleging federal and state law claims arising out of foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

discretion.  *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (motion for leave to amend); *Sch. Dist. No. 1J Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (motion for reconsideration).  We affirm.

The district court did not abuse its discretion by denying Congdon's motion for reconsideration under Federal Rules of Civil Procedure 59(e) or 60(b) because Congdon failed to establish any basis for relief.  *See Sch. Dist. No. 1J Multnomah Cty., Or.*, 5 F.3d at 1262-63 (requirements for reconsideration).

The district court did not abuse its discretion by denying Congdon's motion for leave to amend after concluding that amendment would be futile.  *See Chappel,* 232 F.3d at 725-26 ("A district court acts within its discretion to deny leave to amend when amendment would be futile . . . .").

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

17-35765